1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9   CLARENCE ROACH,                        CASE NO. 1:08-cv-00946-AWI-SMS PC

10              Plaintiff,          ORDER DENYING MOTION FOR
                                     APPOINTMENT OF COUNSEL AND

11      v.                           MOTION FOR THE ISSUANCE OF AN
                                     ORDER DIRECTING SERVICE

12   STEVEN M. YAPLEE, et al.,

13             Defendants.      (Docs. 4 and 5)

14                             /

15        Plaintiff Clarence Roach ("Plaintiff") is a state prisoner proceeding pro se and in forma

16 pauperis in this civil rights action pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 12132 (Americans with

17 Disabilities Act), and 29 U. S. C. § 794 (Rehabilitation Act).  On July 7, 2008, Plaintiff this action,

18 along with a motion seeking the appointment of counsel and a motion seeking the issuance of an

19 order directing the United States Marshal to serve his complaint.

20        Plaintiff does not have a constitutional right to appointed counsel in this action, <u>Rand v.</u>

21 <u>Rowland</u>, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent

22 Plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  <u>Mallard v. United States District Court for the Southern</u>

23 <u>District of Iowa</u>, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However, in certain exceptional

24 circumstances the Court may request the voluntary assistance of counsel pursuant to section

25 1915(e)(1).  <u>Rand</u>, 113 F.3d at 1525.

26        Without a reasonable method of securing and compensating counsel, the Court will seek

27 volunteer counsel only in the most serious and exceptional cases.  In determining whether

28 "exceptional circumstances exist, the district court  must evaluate both the likelihood of success of

1

the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. The Court is faced with similar cases almost daily. Further, at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. Id. Therefore, Plaintiff's motion for the appointment of counsel shall be denied.

Plaintiff is proceeding in forma pauperis, which entitles him to service of his complaint by the United States Marshal. Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d). However, the Court will not issue an order directing the Marshal to serve until the complaint has been screened and found to set forth claims which are cognizable under section 1983, the ADA, and/or the RA. 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e). That finding has not yet been made and Plaintiff's motion for service at this juncture shall be denied as premature.

For the foregoing reasons, Plaintiff's motion for the appointment of counsel and motion seeking the issuance of an order directing service of the complaint are HEREBY DENIED.

IT IS SO ORDERED.

**Dated:    August 4, 2008**              _____/s/ Sandra M. Snyder_____
                                          UNITED STATES MAGISTRATE JUDGE