# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE ROACH,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>STEVEN M. YAPLEE, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:08-cv-00946-AWI-SMS PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION BE DENIED<br><br>(Doc. 3)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

Plaintiff Clarence Roach ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 12132 (Americans with Disabilities Act), and 29 U. S. C. § 794 (Rehabilitation Act).  On July 7, 2008, Plaintiff filed a motion seeking a preliminary injunction mandating he be transported to Doheney Eye Clinic for evaluation and treatment, and prohibiting Defendant Triangle Eye Institute from performing any further invasive eye procedures.

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981).  A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987).  Under either approach the plaintiff "must

demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted). Further, a mandatory preliminary injunction such as that sought by Plaintiff in part "is subject to heightened scrutiny and should not be issued unless the facts and the law clearly favor the moving party." Dahl v. Hem Pharmaceuticals Corp., 7 F.3d 1399, 1403 (9th Cir. 1993).

The basis for Plaintiff's claims in this action is an injury to his eye following cataract removal surgery at Triangle Eye Institute. Plaintiff alleges the surgery was botched and the lens which was installed moved, causing damage to his retina. However, Plaintiff has not submitted any admissible evidence supporting his argument that he is under a significant threat of irreparable injury to his eye unless an injunction issues. Plaintiff is not qualified to offer an opinion on the nature of his eye injury or the medical treatment needed for his eye injury, and he has not submitted any competent medical evidence supporting his allegations. Therefore, Plaintiff fails to meet his burden as the party moving for relief.

Accordingly, the Court HEREBY RECOMMENDS that Plaintiff's motion for preliminary injunctive relief, filed July 7, 2008, be DENIED.

This Finding and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with this Finding and Recommendation, Plaintiff may file a written objection with the Court. The document should be captioned "Objection to Magistrate Judge's Finding and

///
///
///
///

Recommendation." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   August 4, 2008**              /s/ Sandra M. Snyder
                                       UNITED STATES MAGISTRATE JUDGE