KM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA
# FRESNO DIVISION

| | |
|---|---|
| Clarence Roach, | No. CV 1-08-946-RCC |
| Plaintiff, | **ORDER** |
| vs. | |
| Steven M. Yaplee, et al., | |
| Defendants. | |

Plaintiff Clarence Roach, who is confined in the California Substance Abuse Treatment Facility in Corcoran, California, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. #1). This case was reassigned to the undersigned judge on November 25, 2008.

By Order filed February 17, 2009, the Court dismissed the Complaint with leave to amend. On February 27, 2009, Plaintiff filed a "Motion to Stop Complaint for Reasons of Premature Submission to the District Court Pursuant to the Prison Litigation Reform Act" (Doc. #18). The Court construed the Motion as a Motion for Voluntary Dismissal and dismissed the action.

On August 12, 2009, Plaintiff filed a Motion to Proceed with Civil Rights Case. By Order filed January 25, 2010, the Court granted Plaintiff's Motion and directed Plaintiff to file an amended complaint. On February 25, 2010, Plaintiff filed a First Amended

JDDL

Complaint. The Court will order Defendants Yaplee, Trueworthy, Pierre, Conway, Brunis, and Dr. Clark to answer Counts I and III of the Amended Complaint and will dismiss the remaining claims and Defendants without prejudice.

**I.      Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

. . .

. . .

. . .

## II.  Amended Complaint

Plaintiff names the following Defendants in the Amended Complaint: Dr. Steven M. Yaplee, R.N. Trueworthy, Physician's Assistant Jean Pierre, R.N. Brunis, LVN Conway, Warden Ken Clark, Dr. Clark, and Chief Medical Officer Dr. Enenmoh.

Plaintiff raises three grounds for relief in the Amended Complaint;

(1) Plaintiff's Eighth Amendment rights were violated when: (a) Defendant Yaplee failed to treat Plaintiff after a failed surgical procedure that left Plaintiff in severe pain and partially blind; (b) Defendant Trueworthy was deliberately indifferent towards Plaintiff's health when she withheld treatment instructions, an eye patch, and eye drops after Plaintiff's surgery and therefore caused Plaintiff's condition to worsen; (c) Defendants Pierre and Conway withheld eyeglasses and an eye shield from Plaintiff after surgery; (d) Defendant Brunis failed to issue Plaintiff prescribed medications and caused Plaintiff to suffer unnecessary pain; and (e) Defendants Enenmoh and Warden Clark failed to properly supervise subordinate state workers;

(2) Plaintiff's Fourteenth Amendment due process rights were violated by Defendants' actions;

(3) Defendant Dr. Clark violated Plaintiff's Eighth Amendment rights when he deliberately disregarded Plaintiff's pain for 10 months and continued to provide Plaintiff with incorrect medical care that damaged Plaintiff's eye.

Plaintiff seeks money damages.

## III.  Failure to State a Claim

### A.  Count I–Defendants Enenmoh and Warden Clark

Plaintiff claims that Defendants Enenmoh and Warden Clark violated his Eighth Amendment rights by failing to properly supervise their employees and thereby failing to prevent Plaintiff's injuries.  There is no *respondeat superior* liability under § 1983, and therefore, a defendant's position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights does not impose liability.  Monell v. Dep't of Soc. Servs., 436

1  U.S. 658 (1978); Hamilton v. Endell, 981 F.2d 1062, 1067 (9th Cir. 1992); Taylor v. List,
2  880 F.2d 1040, 1045 (9th Cir. 1989). "Because vicarious liability is inapplicable to Bivens
3  and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the
4  official's own individual actions, has violated the Constitution." Iqbal, 129 S. Ct. at 1948.

5      Plaintiff has failed to allege that Defendants Enenmoh and Warden Clark personally
6  participated in the violation of Plaintiff's constitutional rights, were aware of widespread
7  abuses and, with deliberate indifference, failed to act, or that they formed policies that
8  resulted in Plaintiff's injuries. Plaintiff has therefore failed to state a claim against
9  Defendants Enenmoh and Clark and they will be dismissed.

### B. Count II

In Count II, Plaintiff claims that Defendants violated his due process rights when they denied him appropriate care after his eye surgery. Plaintiff's claims in Count II are essentially a summary of his claims in Count I and rely on the same factual basis. The Court will therefore dismiss Count II as duplicative.

## IV. Claims for Which an Answer Will be Required

Liberally construed, Plaintiff has adequately stated an Eighth Amendment medical claim in Count I against Defendants Yaplee, Trueworthy, Pierre, Conway, and Brunis, and in Count III against Defendant Dr. Clark. The Court will require these Defendants to answer the Amended Complaint.

## V. Warnings

### A. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83-182(f) and 83-183(b) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

. . .

. . .

. . .

JDDL - 4 -

**B.     Copies**

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5-133(d)(2). Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**C.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Count II and Defendants Enenmoh and Warden Clark are **dismissed** without prejudice.

(2)     Defendants Yaplee, Trueworthy, Pierre, Conway, Brunis, and Dr. Clark must answer Counts I and III of the Amended Complaint.

(3)     The Clerk of Court must send Plaintiff a service packet including the Amended Complaint (Doc. #24), this Order, a Notice of Submission of Documents form, an instruction sheet, and copies of summons and USM-285 forms for Defendants Yaplee, Trueworthy, Pierre, Conway, Brunis, and Dr. Clark.

(4)     Within **30 days** of the date of filing of this Order, Plaintiff must complete and return to the Clerk of Court the Notice of Submission of Documents. Plaintiff must submit with the Notice of Submission of Documents: a copy of the Amended Complaint for each Defendant, a copy of this Order for each Defendant, a completed summons for each Defendant, and a completed USM-285 for each Defendant.

(5)     Plaintiff must not attempt service on Defendants and must not request waiver of service. Once the Clerk of Court has received the Notice of Submission of Documents and the required documents, the Court will direct the United States Marshal to seek waiver of service from each Defendant or serve each Defendant.

(6) **If Plaintiff fails to return the Notice of Submission of Documents and the required documents within 30 days of the date of filing of this Order, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action without prejudice.** See **Fed. R. Civ. P. 41(b).**

DATED this 24th day of March, 2010.

_____
Raner C. Collins
United States District Judge